By the Court.—Horace Russell, J.
—The sections of the Code which control this matter are as follows :
“ Sec. 999. The judge presiding at a trial by jury may, in his discretion, entertain a motion made upon his minutes at the same term to set aside the verdict and grant a new trial upon exceptions, or because the verdict is for excessive or insufficient damages, or otherwise contrary to the evidence or contrary to law.”
“ Sec. 1,000. Upon the application of a party who has taken one or more exceptions, the judge presiding at a trial by jury may, in his discretion, at any time during the same term, direct an order to be entered that the exceptions so taken be heard in ithe first instance at the general term, and that judgment upon the verdict be suspended in the meantime. At any time before the hearing of the exceptions, the order may be revoked or modified upon notice, in court or out of court, by the judge who made it; or it may be *368 set aside for irregularity by the court at any term thereof.”
1. It is claimed that the granting of the order that the exceptions be heard in the first instance at the general term, after denying the motion for a new trial on the minutes, was an irregularity. If it be granted that the power to grant a new trial upon the minutes and the power to direct exceptions to be heard in the first instance at the general term are not cumulative, but alternative, which is the theory of the appellant, still there was no such irregularity in regard to this motion as would justify the reversal of the order made below. It is a very common thing, on motions and on trials, for the court to refuse the relief sought and to grant other relief. And to hold that the action of the trial judge, in this case, was irregular, would be to decide that the action of judges in all such cases was irregular. In many such cases, the party moving was -entitled to only one remedy, and that, perhaps, not the remedy for which he moved, or the judge had a discretion which of two remedies to grant. A motion for one remedy did not necessarily preclude the judge, in refusing that, from granting the other. Here the chief judge, upon hearing a motion for a new trial upon his minutes, simply said : “ No, I will not grant that motion, I will order your exceptions to be heard in the first instance at general term.” The course pursued in this case by Chief Judge Curtis was exactly the same as that of the trial judge in Ross v. Harden (42 Super. Ct. 438).
A technical argument is made about the words “in the first instance,” in which it is urged that the judge,having heard the motion upon his minutes, it was a solecism amounting to an irregularity to afterward order the exceptions to be heard “in the first instance” at the general term. This argument is based on the assumption that the words “in the first instance” *369 necessarily have no other meaning than “for the first time,” whereas, considering the context and the effect of an order granted under section 1,000, they might well be construed as if the words were “before entry of judgment.” Speaking technically, the exceptions are first heard when first made—when the objection is argued—during the progress of a trial. While, practically, a motion for a new trial upon the minutes and a motion that a judge direct exceptions to be heard in the first instance at the general term may be on the same grounds, technically they are not —at least, they are not necessarily. A motion for a new trial upon the minutes may be upon exceptions, or because the verdict is for excessive or insufficient damages, or contrary to the evidence, or contrary to the law (§999, Code). Whereas, upon exceptions directed to be heard in the first instance at general term, nothing else can be considered but those exceptions. On such an argument an appellant would not be permitted to present anything to the general term except what was distinctly raised by exception. He could not raise the question that the verdict was excessive or insufficient, or against the evidence. So, as it does not appear by the separate order printed in the appeal papers that the motion for a new trial upon the minutes was made only with reference to the exceptions taken during the trial, non constat, but that it was made on the ground, that the verdict was against the evidence, or was excessive, or that it was contrary to the charge of the judge, and the denial of a motion made upon the judge’s minutes upon such ground certainly would not bar the right a.nd power to direct exceptions to be heard in. the first instance at the general term. As this objection is purely technical, it must stand or fall by technical constructions. The only restriction upon the' power of the trial judge to entertain a motion for a new trial upon his minutes, is that the motion shall be' made' *370 during the term of the trial, and the only restriction made by section 1,000 upon the power of the judge to direct exceptions to be heard in the first instance at the general term, either of his own motion or on the application of a party, is that such order shall be made at the term during which the case was tried. There is nothing in the language of the Code which would prevent these motions being made separately and successively (though they were not in this case), and there was no irregularity in the trial judge’s ordering the defendant’s exceptions to be heard in the first instance at the general term, at the same time that he denied a motion for a new trial upon the minutes. .
2. There is another ground on which the order denying the appellant’s motion should be sustained. The motion to set aside was for an irregularity. The order to show cause, on which the motion was heard, did not specify the irregularity complained of, as required by rule 37. It was not sufficient that the grounds of irregularity were specified in the affidavit (Montrait v. Hutchins, 49 How.Pr., 105).
The order appealed from should be affirmed, with costs and disbursements.
Speir, J., concurred.